IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM F. RYCKMAN, | ) | Bankruptcy No. 11-24024 – CMB |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| SHAUN COLLINS, ELIZABETH | ) | |
| COLLINS, RUSSELL RATLIFF, | ) | Adversary No. 11-2604 – CMB |
| BRUCE BLANKENSHIP, TEDDY | ) | |
| BLANKENSHIP, GEORGE BALL, | ) | |
| KATHY BALL, DEBORAH DUNCAN, | ) | Doc. Nos. 11 & 20 |
| WILLIS DUNCAN, PAUL HORN, | ) | |
| MARCELLA JUSTICE, DEWEY | ) | |
| MARCUM, MISTY MARCUM, | ) | |
| STEVEN MARCUM, POLLY | ) | |
| WILLIAMS, ERNEST MEADE, | ) | |
| MARY LOU MEADE, by and through | ) | |
| her next friend, ERNEST MEADE, | ) | |
| JAMES MULLINS, JOYCE MULLINS, | ) | |
| SHARON MULLINS, VERNON | ) | |
| MULLINS, DENNIS MITCHELL | ) | |
| SMITH, JOEY PORTER, BRENDA | ) | |
| PREECE, LORA SPEER, CHARLES | ) | |
| EDWARD SPEER, and | ) | |
| WILBERT HATCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM F. RYCKMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

The above-captioned adversary proceeding was commenced by Plaintiffs pursuant to 11

U.S.C. §523(a)(6). Plaintiffs allege that their claims are for willful and malicious injury caused

by the Debtor and are therefore nondischargeable. The matter presently before the Court began as Debtor's Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(6) and Bankruptcy Rule 7012 ("Motion to Dismiss"). Subsequently, Debtor sought the opportunity to present matters outside of the pleadings by way of his Request to Schedule Evidentiary Hearing ("Hearing Request") or, in the alternative, his request to treat the Motion to Dismiss as a motion for summary judgment. The Plaintiffs oppose the Motion to Dismiss, the Hearing Request, and Debtor's efforts to resolve this adversary proceeding by way of summary judgment. For the reasons expressed herein, the Motion to Dismiss and the Hearing Request will be denied. The parties will be provided with an opportunity to file motion(s) for summary judgment if they believe the matter can be resolved pursuant to that process. Otherwise, the matter shall proceed to trial.

## I.      Procedural Background

Prior to the commencement of the bankruptcy case, Plaintiffs filed lawsuits in West Virginia against Debtor and others involved in a so-called "pill mill", an enterprise in which prescriptions were issued in violation of the Uniform Controlled Substances Act. The bankruptcy case stayed the state court litigation. Plaintiffs commenced this adversary proceeding seeking a declaration of nondischargeability of their claims.[1] Upon a determination of this matter in their favor, Plaintiffs wish to continue to prosecute the claims in state court.

---

[1] The Motion to Dismiss states that Debtor identified the Plaintiffs' claims as disputed with unknown amounts in his bankruptcy schedules. At the February 23, 2012 hearing, the Plaintiffs indicated that they filed proofs of claim. Each claim is for $100,000 with respect to the pending state court litigation. To date, no objections to the Plaintiffs' proofs of claim have been filed. The Court has been advised that Debtor is awaiting the resolution of this adversary proceeding to determine whether objections are necessary.

Debtor filed his Motion to Dismiss asserting that Plaintiffs failed to state a claim upon which relief can be granted. Plaintiffs filed a response to the Motion to Dismiss and attached to their response a criminal plea agreement and stipulation of facts entered into by Debtor describing his participation in the pill mill.

After a hearing on February 23, 2012, based upon the arguments presented, the parties were provided with an opportunity to request an evidentiary hearing and were given deadlines to file briefs. Debtor filed his Hearing Request and the Court entered an Order directing Debtor to advise the Court what evidence he contemplated presenting if given the opportunity for an evidentiary hearing and how an evidentiary hearing would be appropriate with respect to a Motion to Dismiss.

In response to the Court's Order, Debtor asserts that the Motion to Dismiss should be resolved via a summary judgment process. In the alternative, Debtor contends that an evidentiary hearing is necessary. Plaintiffs oppose both the Hearing Request and the Debtor's request that the Motion to Dismiss be treated as a motion for summary judgment.

Upon review of Debtor's Motion to Dismiss and Hearing Request, the responses thereto, the briefs filed by the parties, and the entire record of this adversary proceeding, the matter is ripe for decision.


## II.    Jurisdiction and Authority to Enter Final Judgment

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I) as it requires a "determination[] as to the dischargeability of particular debts[.]"

Although the Court has clear statutory authority to hear and determine this adversary proceeding, given the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), which has resulted in some debate as to the constitutional authority of bankruptcy courts to enter final orders and judgment in certain actions, the Court *sua sponte* raised this issue at the February 23, 2012 hearing. Of particular concern to the Court was whether resolution of the nondischargeability action would essentially require a determination of the underlying state court litigation and what impact, if any, the Supreme Court's decision in *Stern* had on this proceeding.

At the February 23, 2012 hearing, the parties indicated that *Stern v. Marshall* was not implicated and orally consented to entry of a final order and judgment by this Court. In order to clarify the record on this point, the Court ordered the parties to either file a statement of their written consent or a brief providing the basis on which they contest the Court's authority to enter a final order and judgment.

In response to the Court's Order, the Debtor filed a statement of consent. Plaintiffs filed a brief addressing the authority of this Court. First, they assert that a potential determination by this Court in favor of Debtor (i.e., finding that his conduct did not result in willful and malicious injury to Plaintiffs) would be prejudicial and damaging to Plaintiffs as they have actions pending against alleged co-conspirators in state court. Second, they assert that the state court is in a better position to issue a final determination as to all issues and parties, whereas the Bankruptcy Court will resolve only a single issue. Plaintiffs contend as follows:

> [T]he Bankruptcy Court lacks authority to issue a final, binding determination as to whether the conduct of Defendant caused willful and malicious injury to Plaintiffs. The discretion of the Bankruptcy Court should be limited to whether Plaintiffs' claims are subject to discharge under 11 U.S.C.A. §523(a)(6).

4

*See* Plaintiffs' Brief, Adv. Doc. No. 26, at 5. It appears that Plaintiffs have taken somewhat of a

contradictory position. While apparently acknowledging this Court's authority to finally

determine the issue of dischargeability, Plaintiffs contest the Court's authority to issue a final

determination as to whether Debtor caused willful and malicious injury to Plaintiffs, which is the

very issue that must be decided to make a determination as to dischargeability.

To the extent Plaintiffs contend that the state court litigation must be concluded before a

nondischargeability determination can be made, they have not sought relief from stay. To the

extent Plaintiffs contend that a determination of nondischargeability will essentially result in a

final determination of the underlying tort claim and that such final determination is not permitted

by this Court pursuant to 28 U.S.C. §157(b),[2] Plaintiffs have not sought withdrawal of the

reference. Thus, the matter currently before this Court is nondischargeability, a determination

which is a core matter pursuant to 28 U.S.C. §157(b)(2)(I).

As the Plaintiffs' position regarding this Court's authority appears to be a point of

contention, the Court will address the issue as a preliminary matter. In *Stern*, the Supreme Court

addressed the bankruptcy court's authority to determine a debtor's common law counterclaim to

a proof of claim filed against the bankruptcy estate. Pursuant to 28 U.S.C. §157(b)(2)(C), the

matter was defined as core. However, the Supreme Court found that the bankruptcy court did not

---

[2] The damages asserted by Plaintiffs consist of, *inter alia*, physical injury, pain, and suffering.
The Court notes that 28 U.S.C. §157(b)(2)(B) excludes from its definition of core proceedings
"the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death
claims against the estate for purposes of distribution in a case under title 11[.]" Subsection (b)(5)
further provides, "The district court shall order that personal injury tort and wrongful death
claims shall be tried in the district court in which the bankruptcy case is pending, or in the
district court in the district in which the claim arose, as determined by the district court in which
the bankruptcy case is pending." However, 28 U.S.C. §157(b)(5) is not jurisdictional. *See Stern*,
131 U.S. at 2606. "Section 157 allocates the authority to enter final judgment between the
bankruptcy court and the district court." *Id.* at 2607. The section simply identifies where certain
cases should be tried and the limitation may be waived. *Id.*

have constitutional authority to enter a final judgment with respect to a counterclaim that would

not necessarily be resolved in the resolution of the proof of claim. The ramifications on

bankruptcy courts' authority beyond this narrow holding are not yet known and analysis of *Stern*

has pervaded the bankruptcy arena as practitioners and the courts address the applicability of the

decision in other contexts.

The applicability of *Stern* to a bankruptcy court's authority to finally determine a

complaint seeking a declaration of nondischargeability pursuant to 11 U.S.C. §523 was recently

discussed in *Husky Int'l Elec., Inc. v. Ritz* (*In re Ritz*), 459 B.R. 623 (Bankr. S.D. Tex. 2011).

The analysis of *Stern* set forth by the court in *Ritz* is persuasive. This Court agrees that "[t]he

right to discharge is established by the Bankruptcy Code and is central to the public bankruptcy

scheme." *Ritz*, 459 B.R. at 631. The determination of nondischargeability of a particular

creditor's debt is simply a decision as to whether that creditor is entitled to something more than

he would otherwise receive in the bankruptcy case. *Id.* at 632. "Such determinations are

inextricably tied to the bankruptcy scheme and involve the adjudication of rights created by the

Bankruptcy Code." *Id.* Accordingly, this Court has the authority to enter final judgment as to the

nondischargeability of the Plaintiffs' claims.

This Court finds that by commencing this adversary proceeding, acknowledging this

Court's authority to enter final judgment as to nondischargeability, and having neither requested

relief from stay to proceed in state court nor sought withdrawal of the reference, Plaintiffs have

consented to final adjudication of all core and non-core matters involved in making a

nondischargeability determination. If, however, the United States District Court disagrees and

determines pursuant to the rationale set forth in *Stern* that this Court does not have the authority

to enter final judgment in this action, then if and when this Court issues a Memorandum Opinion

on the Complaint, it shall constitute the Court's proposed findings of fact and conclusions of law

to the District Court.


### III.    Allegations in Plaintiffs' Complaint

The allegations recited in this section are the allegations set forth in the Plaintiffs'

Complaint and are accepted as true solely for the purpose of considering the Motion to Dismiss.

Any factual allegations to the contrary asserted by Debtor are not included in this recitation, and

the Court makes no findings of fact herein. The Complaint alleges as follows.

Plaintiffs were patients at Mountain Medical Care Center, L.L.C., previously known as

the Williamson Wellness Center in Williamson, West Virginia ("Mountain Medical"). For

approximately a ten year period, terminating in March 2010, a criminal enterprise occurred at

Mountain Medical, whereby persons holding licenses to practice medicine, together with their

agents and employees, systematically violated the Uniform Controlled Substances Act.

Prescriptions were issued for controlled substances on a regular basis without a legitimate

medical examination or with no examination by a physician at all and with no legitimate medical

purpose. Debtor loaned his DEA number to those who either called in or faxed prescriptions for

controlled substances to be filled at cooperating pharmacies. Plaintiffs were harmed by said

conduct by establishing addictions to controlled substances, sustaining addictions to controlled

substances, loss of employment income, physical injury, pain, and suffering. The criminal

activity at Mountain Medical was terminated through the joint efforts of the DEA, the FBI, West

Virginia State Police, and the U.S. Attorney for the Southern District of West Virginia. Based on

these allegations, Plaintiffs contend that Debtor has caused willful and malicious injury.

## IV.    Discussion

The Court will first address Debtor's Motion to Dismiss and then turn to the Hearing Request and whether this proceeding may be resolved by way of the summary judgment process at this point.

### **Motion to Dismiss**

Debtor's Motion to Dismiss asserts that the Plaintiffs have failed to state a claim upon which relief can be granted and, accordingly, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), made applicable in adversary proceedings pursuant to Fed.R.Bankr.P. 7012(b). In light of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Third Circuit has set forth a two-part analysis when courts are presented with such motions. *Id.* at 210. "First, the factual and legal elements of a claim should be separated." *Id.* All well-pleaded facts alleged in the complaint are to be accepted by the court as true while any legal conclusions may be disregarded. *Id.* at 210-11. Second, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211. The facts in the complaint must demonstrate an entitlement to relief as opposed to simply alleging entitlement to relief. *Id.* Accordingly, we will apply the two part analysis set forth by the Third Circuit in *Fowler* to the Complaint filed in this proceeding.

To survive the Motion to Dismiss in this adversary proceeding, the factual allegations, separated from all legal conclusions, in the Complaint must be sufficient to demonstrate willful

and malicious injury pursuant to 11 U.S.C. §523(a)(6). The Supreme Court analyzed the

meaning of "willful and malicious injury" in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). In

*Geiger*, the Supreme Court concluded that a debt arising from a medical malpractice judgment

for negligent or reckless conduct did not fall within the dischargeability exception set forth in

§523(a)(6). The Court noted that "[t]he word 'willful' in (a)(6) modifies the word 'injury,'

indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a

deliberate or intentional *act* that leads to injury." *Geiger*, 523 U.S. at 61 (emphasis in original).

"An injury is willful and malicious under the Code only if the actor purposefully inflicted the

injury or acted with substantial certainty that injury would result." *Conte v. Gautam*, 33 F.3d

303, 305 (3d Cir. 1994).[3] An injury is considered to be "malicious" for purposes of §523(a)(6) if

the act resulting in the injury "was wrongful and without just cause or excuse, even in the

absence of personal hatred, spite or ill-will." *See Wymard v. Ali* (*In re Ali*), 321 B.R. 685, 693

(Bankr. W.D. Pa. 2005) (citing 4 *Collier on Bankruptcy* ¶523.12[1] at 523-91).  With this

analysis in mind, the Court considers the Complaint filed in this proceeding.

     Without making any findings of fact and accepting as true the factual allegations stated in

the Complaint, Debtor participated in a criminal enterprise by permitting the use of his DEA

number to issue prescriptions for controlled substances without any legitimate medical exam or

purpose. This Court finds that the allegations sufficiently demonstrate an intentional act which is

substantially certain to produce injuries, specifically addiction and the harm resulting therefrom.

In fact, creating dependency would sustain the operation of the pill mill. Plaintiffs allege that, as

a result of the operation of the pill mill at Mountain Medical where they were patients, they

---

[3] Although the decision in *Conte* by the Third Circuit Court of Appeals preceded the Supreme
Court's decision in *Geiger*, *Conte* remains good law and binding in the Third Circuit. *See
Schweitzer v. Kartman* (*In re Kartman*), 391 B.R. 281, 284-285 (Bankr. W.D. Pa. 2008); *Elliott
v. Kiesewetter* (*In re Kiesewetter*), 391 B.R. 740, 749 (Bankr. W.D. Pa. 2008).

developed or continued addictions thereby suffering damages in the form of loss of employment,

physical injury, pain and suffering. Accepting as true that the Debtor participated in the illegal

scheme, this Court concludes the allegations are sufficient to demonstrate conduct that was (1)

wrongful and without just cause and (2) substantially certain to result in the specific injuries

identified. Plaintiffs sufficiently stated facts to support entitlement to the relief sought in the

Complaint. Therefore, the Motion to Dismiss is denied.

Furthermore, in the Motion to Dismiss, Debtor contends that, even accepting Plaintiffs'

allegations as true, Plaintiffs possess no claim against the Debtor "due to the doctrines of unclean

hands, in pari delicto and estoppel in that Respondents themselves participated in the very

operation they allege to be wrongful and which they allege to have caused them harm." *See*

Motion to Dismiss, at ¶10. According to Debtor, Plaintiffs participated in the pill mill "by

soliciting and accepting such prescriptions, returning to the medical facility seeking such

prescriptions, picking up the prescribed medications at a pharmacy and utilizing said prescribed

medications." *Id.* at ¶11. Thus, Debtor asserts that, notwithstanding the facts alleged, no relief

can be granted on the claims due to the applicability of these defenses.

A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) when an affirmative

defense is apparent on the face of the complaint. *See Leveto v. Lapina*, 258 F.3d 156, 161 (3d

Cir. 2001). The Debtor asserts three affirmative defenses in his Motion to Dismiss: in pari

delicto, unclean hands, and estoppel. The applicability of each of these defenses is based on the

same conclusion by the Debtor, i.e., that the Plaintiffs cannot succeed as they participated in the

very operation which they now contend to be wrongful and to have caused them harm. However,

the facts and circumstances surrounding Plaintiffs' role in the pill mill are not apparent on the

face of the Complaint. Debtor's statement regarding the Plaintiffs' conduct appears to be inferred

from the facts alleged in the Complaint. However, for the purpose of the Motion to Dismiss, the defense must be clear on the face of the Complaint and the Court will not entertain additional facts alleged by Debtor at this stage of the proceedings. While Debtor's allegations may be true, he may raise them at trial in support of his defenses.

In addition, to the extent the defenses are equitable doctrines, application of said doctrines is within the discretion of the Court. *See In re New Valley*, 181 F.3d 517, 525 (3d Cir. 1999) (discussing the application of the doctrine of unclean hands). Furthermore, there are policy considerations as to when these equitable doctrines should be applied. *Karpenko v. Leendertz*, 619 F.3d 259, 265 (3d Cir. 2010)). While some courts have determined that equitable doctrines preclude relief under §523, Debtor has cited to no controlling law in this respect and the applicability of these doctrines in dischargeability litigation has been questioned. *See Bellow Paradiso, LLC v. Hatch* (*In re Hatch*), 465 B.R. 479, 494 (Bankr. W.D. Mich. 2012). Although Debtor may prevail on these defenses at trial, he is unable to do so at this stage of the proceeding. Therefore, the Motion to Dismiss is denied.

### Hearing Request and Summary Judgment Process

After the February 23, 2012 hearing, Debtor filed his Hearing Request seeking an evidentiary hearing with respect to the Motion to Dismiss. As an evidentiary hearing would necessarily require the introduction of matters outside of the pleadings, the Court ordered Debtor to file a brief identifying what evidence he wished to present at an evidentiary hearing and how an evidentiary hearing is appropriate with respect to a Motion to Dismiss.

In accordance with the Court's Order, Debtor filed a brief (Doc. No. 29) stating that his Motion to Dismiss should be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d). According to Debtor, if the Court sets forth a process for addressing the Motion to

Dismiss as a motion for summary judgment, then the need for an evidentiary hearing would be eliminated and the matter would be decided on discovery materials, admissions, and stipulations. Without the summary judgment process, Debtor contends that the evidentiary hearing is necessary.

Plaintiffs oppose the Hearing Request and contend that "[a] hearing would be akin to permitting Defendant to try the case before Plaintiffs have an opportunity to conduct discovery." *See* Plaintiffs' Brief, Doc. No. 26, at 4. This Court agrees and therefore denies Debtor's Hearing Request.

In Debtor's Brief Regarding his Motion to Dismiss (Doc. No. 25), Debtor notes that when matters outside of the pleadings are considered, a motion to dismiss should be treated as a motion for summary judgment. Debtor states that the Court can deem the factual averments in the Complaint and the Stipulation of Facts in Debtor's criminal case to be true in order to determine whether the facts support a finding of willful and malicious injury by the Debtor to Plaintiffs.

Motions for summary judgment are resolved pursuant to Fed.R.Civ.P. 56, made applicable to adversary proceedings through Fed.R.Bankr.P. 7056. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56. To the extent Debtor wishes the Court to consider the Motion to Dismiss as a motion for summary judgment, based on the record presently before the Court, this Court finds that Debtor has not met his burden of demonstrating that he is entitled to judgment as a matter of law. Even as a motion for summary judgment, the Debtor's motion relies upon the applicability of the equitable doctrines of in pari

delicto, unclean hands, and estoppel. At this stage of the proceedings, the Court has not

determined whether these doctrines are applicable to preclude the relief sought by Plaintiffs.

From what has been presented and based upon the entirety of the record to date, summary

judgment is unlikely. However, if the Plaintiffs and/or Debtor are convinced that this adversary

proceeding may be resolved by way of a motion for summary judgment, the Court will provide

the parties with fifteen days to file such a motion. The Court anticipates that trial will be

necessary due to the fact sensitive issues involved in this proceeding.

### V.    Conclusion

Based on the foregoing, the Debtor's Motion to Dismiss and the Hearing Request are

denied. If the parties believe the adversary proceeding can be resolved by way of the summary

judgment process, then the Plaintiffs and/or the Debtor may file such a motion within fifteen

days of the date of this Memorandum Opinion. An appropriate Order shall be entered.


DATE: April 19, 2012                          __/s/ Carlota M. Böhm_____
                                              Carlota M. Böhm
                                              United States Bankruptcy Judge


**CASE ADMINISTRATOR TO MAIL TO:**
    Office of the United States Trustee
    Lisa M. Swope, Esq., Chapter 7 Trustee
    Glenn R. Bartifay, Counsel for Plaintiffs
    Robert O. Lampl, Counsel for Debtor
    William F. Ryckman, Debtor